DECISION
Defendant denied Plaintiff's claim for elderly rental assistance, and Plaintiff appealed. Trial was held by telephone June 4, 2008. Plaintiff appeared on his own behalf. Defendant was represented by David Armstrong, Senior Auditor, Oregon Department of Revenue.
 I. STATEMENT OF FACTS
On March 14, 2007, Defendant received Plaintiff's claim for elderly rental assistance for 2006. Defendant denied that claim based on information from Plaintiff stating that he received rent in lieu of payment for work. Defendant concluded that Plaintiff's alleged rental payments lacked economic substance. Plaintiff appealed, asserting that he paid a rental fee in cash to park a trailer at a property on West Fifth Avenue in Eugene, Oregon. Defendant argued, in both its Answer and at trial, that Plaintiff failed to provide adequate evidence that he paid qualifying rent during 2006.
 II. ANALYSIS
Oregon provides rental assistance to certain eligible individuals who meet the age, income, and gross rent requirements, provided the individual files a claim with the Oregon Department of Revenue in the year following the year in which the rent is paid. ORS 310.635
(providing the basic eligibility requirements pertaining to age, income, rent, and requiring that the taxpayer to file *Page 2 
a claim "as required by ORS 310.657); ORS 310.657(1) (requiring a claim by the taxpayer "[o]n or before July 1 following the year for which the claim is filed").[1]
ORS 310.635(1)(c) provides that a taxpayer is eligible for assistance if "[t]he gross rent of the taxpayer is in excess of 20 percent of household income." "Gross rent" is defined as "contract rent paid plus the fuel and utility payments made for the homestead in addition to the contract rent, during the calendar year for which the claim is filed." ORS 310.630(4) (emphasis added). A "taxpayer" is defined as an Oregon resident who pays rent for a homestead that is subject to property tax. ORS 310.630(11). The issue in this case is whether Plaintiff actually paid rent.
ORS 305.427 concerns the burden of proof in Tax Court proceedings. The statute provides:
 "In all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof shall fall upon the party seeking affirmative relief and the burden of going forward with the evidence shall shift as in other civil litigation."
Plaintiff is the party seeking affirmative relief and he must therefore prove his case by a preponderance of the evidence.
According to Plaintiff, he lived in a travel trailer in 2006 and paid $200 per month in cash to park his trailer in a "space" in the yard (or "parking lot") of a home in Eugene that is currently occupied by his son Lee Ulbricht (Ulbricht) and several of Ulbricht's friends. The tax year 2007-08 tax statement for the home was issued in the name of United Congregation of Friends Inc. Plaintiff testified that the home was purchased years ago by the United Congregation of Friends, a now defunct religious organization that originally met in that home. Plaintiff testified that he was one of approximately 10 individuals who paid for the home. *Page 3 
Plaintiff submitted a receipt signed by his son Ulbricht as "secretary" of "UCF Inc." that states Plaintiff paid $200 per month for "RV parking" from January 1, 2006 to December 31, 2006. Plaintiff testified that the rental payments were deposited in a joint checking account that he holds with his son Ulbricht. That money is purportedly used to help cover the costs of property taxes, insurance, and utilities.
The court finds the evidence unpersuasive for several reasons. First, the receipt indicates that the payments were received by "UCF Inc.," but, according to Plaintiff's sworn testimony, that organization is no longer in operation. Second, the receipt is signed by Plaintiff's son as "secretary" of that defunct organization. Not only is use of that title inappropriate, but the familial relationship between Plaintiff and his son casts doubt on the reliability of the receipt, particularly where, as here, the funds inured to the benefit of both individuals. Third, Plaintiff testified on cross examination that his son, who was only 21 years old at the time of trial, did not live in the home in 2006, and it is, therefore, difficult to understand why the son would sign a receipt for payment of the rent. Fourth, the receipt, which is not dated, was obviously executed after-the-fact rather than contemporaneously with the monthly rental payments, because it purports to evidence payment for the entire calendar year.
Fifth, Plaintiff's sworn testimony was inconsistent and conflicted with certain written statements that Plaintiff submitted to the court prior to trial. For example, while the receipt indicates that rent was paid monthly in $200 installments, Plaintiff, when pressed by the court, testified that he may have paid every other month or on some other loose schedule. Furthermore, Plaintiff testified at trial that he lived in the trailer on the property, at least in part, because he served as the night watchman for the church in exchange for the use of storage space behind the garage. Yet, in a written narrative filed with the court on February 5, 2008, Plaintiff states that he *Page 4 
rented "a room which [he] used for storage," and that he "paid for this by working." There was no mention of the rented room at trial. Moreover, Plaintiff testified that the church ceased operating "years ago." Thus, Plaintiff's services as a watchman for the church were unnecessary.
After reviewing the evidence, the court finds that Plaintiff was not a credible witness. Plaintiff's testimony was unreliable and self-serving, and the supporting documentary evidence problematic on multiple grounds as set forth above. Plaintiff did not submit any reliable independent corroborating evidence showing that he paid rent, and the son, who allegedly received the payments, or at least had firsthand knowledge thereof, did not testify.
On the evidence before it, the court is not persuaded by a preponderance of the evidence that Plaintiff paid any rent to park his trailer at the home in Eugene, or that Plaintiff actually lived in that trailer, rather than in the home. Accordingly, Plaintiff has not established entitlement to elderly rental assistance for 2006 under ORS310.630 to ORS 310.706.
 III. CONCLUSION
For the reasons set forth above, the court concludes that Plaintiff has not established by a preponderance of the evidence that he qualified for elderly rental assistance for 2006. Accordingly, Plaintiff's appeal must be denied. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.
Dated this _____ day of June 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR. *Page 5 
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on June 12, 2008.The Court filed and entered this document on June 12, 2008.
[1] All references to the Oregon Revised Statutes (ORS) are to 2005. *Page 1